ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HILLARY JAMES JONES, III, ) | |
| ) | CASE NO. 5:03CV1976 |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge John R. Adams |
| ) | |
| CITY OF FAIRLAWN, et al., ) | MEMORANDUM OPINION & ORDER |
| ) | [Resolving Docs. 71, 88] |
| Defendants. ) | |
| ) | |

On September 22, 2003, Plaintiff Hillary James Jones filed this civil rights action against Defendant the City of Fairlawn.[1] On October 1, 2004, Defendant filed its Motion for Summary Judgment. At that point in time, the Court referred the matter to Magistrate Judge James S. Gallas for general pretrial supervision and for a Report and Recommendation ("Report") on any dispositive motions. On August 2, 2005, the Magistrate Judge issued his Report, which recommends that the Court grant Defendant's Motion for Summary Judgment.[2] Shortly thereafter, Plaintiff filed his Objections, which are before the Court.

At the outset, the Court notes that much of Petitioner's Objections deal with issues that are either not relevant, or which or have been dealt with earlier on in these proceedings. The Court, therefore, will limit its review of Plaintiff's Objections to those that the Court has not previously dealt with. *See generally Howard v. Sec'y of Health and Human Services*, 932 F.2d

---

[1] Several other defendants were named, but subsequently dismissed when the Court issued various orders that narrowed Plaintiff's claims. (ECF Docs. 13, 37).

[2] The Report also recommends that the Court deny Plaintiff's subsequently filed Motion for Temporary Restraining Order and Motion for Preliminary Injunction. (ECF Doc. 76).

505, 509 (6th Cir. 1999) (noting that an objection must "be specific in order to focus the busy district court's attention on only those issues that [are] dispositive and contentious.").

The Court also notes that Plaintiff's Objections, in large part, are general in nature and not specific enough to enable the Court to discern what Plaintiff thinks the Magistrate Judge did wrong.[3] *See Howard v. Sec'y of Health and Human Serv.*, 932 F.2d 505 (6th Cir. 1981) (stating that objections that do not specify the issues of contention are akin to a general objection). Like the filings of many pro se prisoners, Plaintiff's Objections are written in a stream of consciousness style that tries to throw as broad of legal reach as possible by citing to legal principles that are either not directly applicable or are only tangentially related to the merits of his case. As are result of this stream of consciousness style, it is difficult for the Court to identify Plaintiff's contentions or analyze them. Accordingly, the Court will address only those that are discernable.

The first discernable objection that Plaintiff makes is to the Magistrate Judge's recommendation that the Court strike the John Doe defendants who were never properly named or identified. Plaintiff's objection is based on the ground that he is a proceeding pro se and should be afforded a measure of leniency for his failure to properly prosecute his case in accordance with the federal rules. Plaintiff, however, misunderstands the area of law that affords leniency to pro se pleadings. As is apparent from Plaintiff's objections (and his other filings in this case), he is under the impression that the Court has a duty to view his claims with what he deems "an understanding eye." This may be true to some extent; however, it does not carry the

---

[3] Certain of Plaintiff's Objections are clearly specific, i.e. his objection to the fact that he was not appointed counsel and his objections to the Court's prior rulings. However, to the extent that Plaintiff is not rehashing issues that have been decided, the majority of his Objections are not specific and concise.

weight that Petitioner believes. It also does not automatically save his claims from dismissal.

As the Sixth Circuit has succinctly noted, "while there is authority for the proposition that *pleadings* submitted *pro se* will be accorded a measure of leniency to assure that meritorious claims will not be dismissed for inartful draftmanship, there is no authority for the contention that *pro se* litigants are entitled to a more lenient application of *substantive* law." *Wolfel v. U.S.*, 711 F.2d 66, 67 (6th Cir. 1983) (citations omitted) (emphasis in original). As such, Plaintiff's arguments regarding his failure to properly name and serve the John Doe defendants are not well-taken. *See generally Stone v. Merit Systems Protection Bd. Dallas Regional Office*, No. 88-6205, 1989 WL 51403 at *1 (6th Cir. May 18, 1989) (noting that the plaintiff's status as a pro se litigant did not excuse his failure to properly name a defendant because pro se litigants are not entitled to a more lenient application of the substantive law).

The second discernable objection Plaintiff makes is to the Magistrate Judge's finding that Plaintiff did not present evidence to withstand dismissal under *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978). It is readily established that the state may not be sued under Section 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *Id.* "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under [Section] 1983." *Id.* at 694. The state can, therefore, be held liable only when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id.* at 690.

In this case, Plaintiff is unable to convince the Court that the Magistrate Judge erred in his assessment of this issue and the Court agrees with the Magistrate Judge that Plaintiff has

3

failed to show that his alleged constitutional injuries were the result of an official municipal policy or custom. Plaintiff's citation to a comment made by his attorney does not establish that Defendant had a municipal policy or custom that resulted in Plaintiff's alleged injuries.[4] Likewise, Plaintiff's citation to a state court criminal case where the defendant was charged with felonious assault in no way goes to establish that Defendant had a municipal policy or custom that resulted in Plaintiff's alleged injuries.[5]

As previously stated, the balance of Plaintiff's Objections are without merit. Accordingly, the Court ADOPTS the Report of the Magistrate Judge and hereby GRANTS Defendant's Motion for Summary Judgement.

IT IS SO ORDERED.

| December 28, 2005 | /s/ John R. Adams |
|---|---|
| Date | John R. Adams |
| | U.S. District Judge |

---

[4] Plaintiff claims that his attorney's stated in open court the following: "Here comes Fairlawn as in JOHNNY-COME-LATELY with those trumped up charges!"

[5] Plaintiff cites to *State v. Workman*, 617 N.E.2d 723 (Ohio App. 1992). In *Workman*, the defendant was charged with felonious assault in an incident that happened to include the Fairlawn police department. Although somewhat hard to follow, Plaintiff appears argue that he should be allowed to depose the attorney of the defendant in *Workman* to inquire as to whether the defendant maintained his innocence against the felonious assault charges and whether the defendant was beaten and falsely accused by the officers. The fact that the City of Fairlawn charged both Plaintiff and the defendant in *Workman* with felonious assault, however, does not establish that Plaintiff's alleged constitutional violations were the result of a municipal policy or custom.